**Lawrence Edward THOMPSON, Appellant,**

v.

**Norma J. ERECKSON, et al., Appellees.**

**No. 10–90–175–CV.**

Court of Appeals of Texas, Waco.

July 25, 1991.

Lawrence Thompson, pro se.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

VANCE, Justice.

In this appeal and in *Birdo v. Ament*, 814 S.W.2d 808 (Tex.App.1991), decided today, we determine the propriety of dismissals, under section 13.001 of the Civil Practice and Remedies Code, of suits filed *in forma pauperis*. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1991).

Lawrence Thompson, a prison inmate, brought a pro se action *in forma pauperis* against Norma Ereckson, Jerry Lee, and Wayne Mayo, employees of the Texas Department of Criminal Justice, Institutional Division, for assault and battery. Before the defendants were served with process, the court dismissed the cause as being frivolous. *See id.* Thompson's brief states: "The Trial Court Erred in Dismissing this Action as Frivolous. The Trial Court Violated the Appellant's rights under Art. 1, Sec. 13 of the Texas Constitution by dismissing this action pursuant to Sec. 13.001, Tex.Civ.Prac. & Rem.Code." *See* TEX. CONST. art. I, § 13; TEX.CIV.PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1991).

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

■ Because of recent federal decisions, a dismissal under section 13.001(b)(3) is no longer appropriate. *See Neitzke v. Williams*, 490 U.S. 319, 329–330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh*, 800

S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1990, writ granted). The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes federal courts to dismiss *in forma pauperis* suits "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See* 28 U.S.C.A. § 1915(d) (West 1966). While the federal statute does not contain guidelines for determining when a suit is frivolous, a dismissal is proper if the claim has no arguable basis in law and fact. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *Pugh*, 875 F.2d at 438. The rationale behind granting trial courts this power is to "prevent abusive or captious litigation" where the *in forma pauperis* litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1831, 104 L.Ed.2d 338. "To this end, the statute accords judges not only the authority to dismiss a claim based on an *indisputably meritless legal theory*, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833 (emphasis added). An example of an indisputably meritless legal theory occurs where the petition asserts claims against which the defendants are immune from suit. *Id.* An example of factually baseless contentions occurs where the petition describes claims arising out of fantastic or delusional scenarios. *Id.*

■ Thompson's petition alleged that the action was brought pursuant to section 104.001 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 104.001 (Vernon Supp.1991). He detailed in his pleadings how he was "assaulted" when he was being taken back to his cell for disciplinary reasons, and he asked for specific items of relief. Although his petition cites section 104.001 of the Civil Practice and Remedies Code, which provides for state liability for certain acts of public servants, he brought suit against the employees as individuals and did not make the state or any state agency a defendant. *See id.* In evaluating the petition the court could consider that the named defendants were entitled to use reasonable force to maintain the security of the prison and, as employees of the state, were entitled to quasi-judicial immunity from damages. *See Johnson v. Peterson*, 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). While Thompson did state in his petition that the force used was "unnecessary and excessive," he did not make an allegation of bad faith sufficient to overcome the immunity. *See id.* We hold that the court did not abuse its discretion in dismissing Thompson's petition for the reason stated. *See Johnson*, 800 S.W.2d at 938; TEX.CIV.PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1991).

Recognizing that our Supreme Court has declined to "imply approval of a dismissal of an action based solely upon section 13.-001(b)(1)," that the test applicable under the federal statute is the one enumerated in our statute as section 13.001(b)(2) ("a complaint ... is frivolous where it lacks an arguable basis in law or in fact"), and that our duty is to affirm the dismissal if it was proper under any legal theory, we conclude that the dismissal of Thompson's claims under 13.001(b)(2) would have been amply justified because the claim had no arguable basis in law. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex.1990); *Ross v. Walsh*, 629 S.W.2d 823, 826 (Tex.App.— Houston [14th Dist.] 1982, no writ); TEX. CIV.PRAC. & REM.CODE ANN. § 13.001(b)(1), (2) (Vernon Supp.1991). Because the defendants enjoyed immunity from the claims asserted by Thompson, the court could have concluded that the allegations were based on an indisputably meritless legal theory and that the claims were frivolous. *See Neitzke*, 490 U.S. at 328–329, 109 S.Ct. at 1833, 104 L.Ed.2d 338.

■ Thompson does not specifically challenge the validity of section 13.001; rather, he asserts that the court's *application* of it violated his state constitutional rights. We have found no case holding that a dismissal under section 13.001 violates a defendant's rights under article I, section 13, of the

Texas Constitution—the "open courts" provision. *See* TEX. CONST. art. I, § 13. The validity of section 13.001 was challenged in *Johnson v. Lynaugh,* but the Supreme Court would not consider it because it was not made in the court of appeals. *See Johnson,* 796 S.W.2d at 707.

■ Thompson's constitutional challenge was not made in the trial court. After his suit was dismissed, he could have properly addressed his constitutional challenge to the court in a motion to reinstate. Instead, he chose to appeal. Unless the error is fundamental, a constitutional challenge not properly raised in the trial court is waived on appeal. *See Johnson,* 800 S.W.2d at 939. Fundamental error in civil matters occurs in extremely limited circumstances, e.g., where the court does not have jurisdiction or where the public interest is directly and adversely affected, as that interest is declared in the statutes or Constitution of Texas. *See id.; Smiley v. Johnson,* 763 S.W.2d 1, 4 (Tex.App.—Dallas 1988, writ denied). Because fundamental error is not presented, Thompson's assertion that his state constitutional rights were violated is not properly before us. *See id.*

The dismissal was without prejudice, as the merits of Thompson's claims were not reached. *See Rizk v. Mayad,* 603 S.W.2d 773, 775 (Tex.1980). Therefore, he is not precluded from bringing this action again and asserting his constitutional claims in the trial court if his suit is dismissed again.

We overrule Thompson's points and affirm the judgment of dismissal.

CUMMINGS, J., not participating.