# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00057-CV

**Sandra Catherin Jones, Appellant**

**v.**

**CGU Insurance Company, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 184,809-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

This is an appeal from the district court=s dismissal of a *pro se*, *in forma pauperis* lawsuit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 13.001 (West Supp. 2002). Because we conclude that there is no legal basis authorizing the *pro se* plaintiff=s claims, we will affirm.

## FACTUAL BACKGROUND

Sandra Jones, who is allegedly disabled and indigent, first brought suit *pro se* against Crown Prince, Incorporated alleging that she purchased a can of smoked oysters manufactured by Crown Prince that made her violently ill shortly after she consumed them. She alleged that as a result of consuming the contaminated food she had to be hospitalized and has required follow-up medical care. Jones alleged that Crown Prince was strictly liable for the product it placed in the stream of commerce. She also alleged claims for breach of express warranties and breach of the implied warranties of merchantability and fitness. She sought recovery of $7500 for her medical expenses, pain and suffering, and mental anguish, as well as

punitive damages. Jones filed an affidavit of inability to pay costs. She acted *pro se* throughout this litigation.

Jones subsequently joined CGU Insurance Company as a party defendant. She alleges that CGU provided insurance to Crown Prince and refused to pay her claim. Jones alleged that she was told by Crown Prince that CGU would conduct an investigation and process her claim. Thereafter, a claims adjuster from CGU contacted Jones and inspected the smoked oyster can. Jones forwarded to him copies of her medical bills and doctor=s report. Jones alleged that CGU Aacquiesc[ed]@ in Crown Prince=s introduction of the tainted food into the stream of commerce. Additionally, she expressly alleged:

> The Plaintiff asserts that the Defendant, CGU INSURANCE COMPANY had a legal duty to act in good faith pursuant to UCC ' 1-201 (19) General Definition of good faith and UCC ' 1-203 an obligation to act by performance. In addition, to a legal duty pursuant to UCC ' 1-205 to deal fairly in contract. The Plaintiff asserts that the Defendant, CGU INSURANCE COMPANY, negligently failed to perform and breached its legal duty, by omitting the merit of her exculpatory evidence to deny her product liability claim. The Plaintiff asserts that as a consequence of the Defendant=s, CGU INSURANCE COMPANY failure to maintain a professional standard of care has resulted and netted the Plaintiff to incur and suffer the following injuries; extreme anxiety in the amount of . . .($20,000.00). . ., future medical care, special, and punitive damages to be assessed by the said Court.[1]

She later supplemented her pleadings to assert that CGU was vicariously liable for Crown Prince=s damages, and that CGU violated several provisions of the Texas Deceptive Trade Practices Act and article 21.21 of the Texas Insurance Code.

---

[1] We have quoted her pleading verbatim.

Crown Prince eventually settled with Jones for $2000 and she non-suited her claims against it. CGU then filed a motion to dismiss Jones=s indigent=s lawsuit pursuant to section 13.001 of the Texas Civil Practices and Remedies Code as having no basis in law, and therefore, as being frivolous and malicious. Tex. Civ. Prac. & Rem. Code Ann. ' 13.001(a)(1), (2) (West Supp. 2002). The district court conducted a hearing on CGU=s motion and gave Jones two weeks to supply the court with any authorities to support her causes of action against CGU. The district court subsequently dismissed the lawsuit and Jones appeals. CGU filed in this Court a motion for monetary sanctions for frivolous appeal. *See* Tex. R. App. P. 45.

## DISCUSSION

We determine whether an indigent=s lawsuit was properly dismissed, under section 13.001 of the Texas Civil Practices and Remedies Code, pursuant to an abuse of discretion standard. *Bohannan v. Texas Bd. of Criminal Justice*, 942 S.W.2d 113, 115 (Tex. App.CAustin 1997, writ denied). Section 13.001(b) provides that when a plaintiff files an affidavit of inability to pay costs, his or her lawsuit may be dismissed as frivolous if:

(1) the action=s realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

3

Tex. Civ. Prac. & Rem. Code Ann. ' 13.001(b)(1), (2), (3) (West Supp. 2002).[2] The supreme court has cautioned courts against dismissing cases based on the first and third grounds of the statute. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). This essentially leaves only the second ground as a basis for dismissal, *i.e.*, whether the lawsuit has an arguable basis in law or fact. *Bohannan*, 942 S.W.2d at 115. The test for determining whether the court abused its discretion is whether it acted without reference to any guiding rules or principles and whether it acted arbitrarily and capriciously. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995); *Bohannan*, 942 S.W.2d at 115. A trial court=s clear failure to properly analyze and apply the law constitutes an abuse of discretion. *McDaniel*, 989 S.W.2d at 253. It is an abuse of discretion to dismiss a case under section 13.001 that arguably has a basis in law or fact. *Bohannan*, 942 S.W.2d at 115.

Here, the district court correctly determined that there was no legal basis for Jones to maintain her lawsuit directly against Crown Prince=s liability insurer. Jones is not in privity with CGU. She is simply a tort claimant against Crown Prince, who has settled with her. CGU owes no legal duties directly to Jones.

Texas is not a direct action state. *See Penny v. Powell*, 347 S.W.2d 601, 603 (Tex. 1961); *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1192 (5th Cir. 1972). Under Texas

---

[2] The purpose of section 13.001 is to prevent frivolous, abusive lawsuits brought by litigants who have no financial incentive to refrain from filing baseless litigation. *Thomas v. Texas Dep=t of Criminal Justice*, 848 S.W.2d 797, 798 (Tex. App.CHouston [14th Dist.] 1993, writ denied).

4

law, a tort plaintiff generally has no standing to join a tortfeasor=s liability insurer directly in the tort action. *Penny*, 347 S.W.2d at 603; *Util. Ins. Co. v. Montgomery*, 138 S.W.2d 1062, 1063 (Tex. 1940); *Grasso v. Cannon Ball Motor Freight Lines*, 81 S.W.2d 482, 486 (Tex. 1935); *Am. Fid. & Cas. Co. v. McClendon*, 81 S.W.2d 493, 496 (Tex. 1935); *Moxon v. Ray*, 81 S.W.2d 488, 488 (Tex. 1935); *Norton v. Caster*, 81 S.W.2d 487, 488 (Tex. 1935); *Sun Oil Co. v. Employers Cas. Co.*, 550 S.W.2d 348, 349 (Tex. Civ. App.CDallas 1977, no writ); *see also Wells v. Am. Employers=Ins. Co.*, 132 F.2d 316, 317 (5th Cir. 1942). A tort claimant has no direct cause of action against the tortfeasor=s liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant. *Grasso*, 81 S.W.2d at 486; *Sun Oil Co.*, 550 S.W.2d at 349; *Pool v. Durish*, 848 S.W.2d 722, 723 (Tex. App.CAustin 1992, writ denied); *Morris v. Allstate Ins. Co.*, 523 S.W.2d 299, 301 (Tex. Civ. App.CTexarkana 1975, no writ); *Hutcheson v. Se=Christ*, 459 S.W.2d 495, 496-97 (Tex. Civ. App.CAmarillo 1970, writ ref=d n.r.e.).

Moreover, a third-party tort claimant has no direct cause of action for extra-contractual liability against a liability insurer at common law, *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996); *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994) (Texas law Ahas never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured.@), or under either the Texas Deceptive Trade Practices-Consumer Protection Act or the Texas Insurance Code. *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (holding that third-party liability claimant cannot maintain direct action against defendant=s liability insurer under either DTPA or the Insurance Code); *see also Transport*

5

*Ins. Co. v. Faircloth*, 898 S.W.2d 269, 273-74 (Tex. 1995) ( party whose only relationship to insurance policy is seeking policy proceeds is not Aconsumer@ under the DTPA).

Finally, Jones cannot maintain her breach of warranty claims against CGU under article 2 of the Uniform Commercial Code. CGU is not a manufacturer, supplier, wholesaler, or seller of smoked oysters and bears no liability in the primary tort suit for its insured=s product. CGU=s only connection with this matter is as a result of its separate indemnity contract with Crown Prince, to which Jones is a stranger. The UCC warranty provisions that Jones asserts in her pleadings, sections 2.314 and 2.315, by their express terms apply only to sales of Agoods.@ *Id.* '' 2.314, 2.315 (West 1994). There are no factual allegations in Jones=s pleadings that CGU sold any Agoods.@ Tex. Bus. & Com. Code Ann. ' 2.105 (West 1994). There was no sale of Agoods@ by CGU in this case. *Id*. ' 2.102 (West 1994) (AUnless the context otherwise requires, this chapter applies to transactions in goods . . . .@). CGU in this case sold only a policy of liability insurance. The sale of an insurance policy does not constitute the sale of Agoods@ within the meaning of title 2 of the UCC. *Bartley v. Nat=l Union Fire Ins. Co.*, 824 F. Supp. 624, 636 (N.D. Tex. 1992) (applying Texas law); *Elrad v. United Life & Acc. Ins. Co.*, 624 F. Supp. 742, 744 (N.D. Ill. 1985); *Oxford Lumber Co. v. Lumbermens Mut. Ins. Co.*, 472 So.2d 973, 978 (Ala. 1975); *Nielsen v. United Servs. Auto. Ass=n*, 612 N.E.2d 526, 532 (Ill. Ct. App. 1993), *appeal denied*, 622 N.E.2d 1012 (Ill. 1993).

## <u>CONCLUSION</u>

We have reviewed the record carefully and find no legal basis to authorize Jones=s claims against CGU. We agree with the district court that Jones=s lawsuit is frivolous. For the foregoing reasons,

we hold that the district court did not abuse its discretion in granting CGU=s motion to dismiss Jones=s lawsuit under section 13.001.

While we recognize that CGU has incurred expense as a result of Jones=s frivolous lawsuit and this appeal, we do not believe appellate sanctions are appropriate in this case. We see nothing in the record that tends to disprove Jones=s allegations regarding the tainted smoked oysters or her illness as a result of consuming them. There is no showing that Jones=s suit against Crown Prince was frivolous, and we note that Crown Prince settled with Jones. CGU=s motion for sanctions is denied.

The order of the district court is affirmed.


David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:  May 23, 2002

Publish