# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00056-CV

**Sheila K. Barnes, Appellant**

**v.**

**Ana Jimenez, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 05-1676-CC2-4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sheila Barnes, acting pro se, sued Ana Jimenez for an injunction and damages. For a short time, Barnes and Jimenez shared a residence owned by a third party. Barnes alleged that Jimenez wrongfully evicted her, refused to return her personal property, and committed several other tortious and wrongful acts against her. The county court dismissed Barnes's suit without explanation, and Barnes appealed, claiming that the court abused its discretion. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Barnes alleges that on September 29, 2005, after she lost her house to Hurricane Rita, she became a tenant by oral agreement in a Williamson County house owned by her brother (who lived elsewhere). Barnes alleges that Jimenez also lived in the house under an oral agreement with Barnes's brother. Barnes alleges that on October 7, 2005, Jimenez demanded the proceeds of an

insurance reimbursement check that Barnes received. Barnes alleges that she refused and that later the same day Jimenez physically attacked her. Barnes alleges that she left the house the next day, and when she returned that evening, Jimenez refused to let her enter. Jimenez summoned police officers to the house, and the officers issued Barnes a criminal trespass warning. Barnes alleges that she had $70,000 worth of property in the house to which she was denied access. It appears that Barnes immediately began living elsewhere and still had not regained possession of her property at the time she filed this appeal.

On November 18, 2005, Barnes applied for and obtained a writ of reentry in a Williamson County Justice of the Peace court. Jimenez appealed the writ in the issuing court and obtained an order dismissing it. Barnes appealed that dismissal to Williamson County Court and requested a jury trial. Barnes later filed a related petition in the county court for an injunction and damages. She asked the court to enjoin Jimenez from doing a broad range of things, including damaging or disposing of Barnes's property, and to award Barnes $70,000 in damages. Barnes also filed an affidavit of indigency.

Barnes proceeded to serve discovery on Jimenez and to file various motions after Jimenez failed to answer. The county court scheduled a hearing on Barnes's motions for September 5, 2006. The record does not contain a transcript of the hearing, but the court's subsequent order and Barnes's appellate brief indicate that rather than simply responding to Barnes's motions, Jimenez orally moved to dismiss Barnes's entire cause of action. Barnes alleges that the court refused to let her testify or argue on the matter. The court granted Jimenez's motion and issued an order stating in its entirety: "On the 5th day of September, the Court considered the Oral Motion

of Dismissal by Defendant in the above entitled and numbered cause. IT IS HEREBY ORDERED that the case is dismissed."

Barnes moved for a new trial and perfected this appeal after her motion was denied. In six related points of error, she alleges that the trial court abused its discretion by granting Jimenez's motion to dismiss.

## DISCUSSION

The county court did not explain why it dismissed Barnes's suit. In such circumstances, we "uphold the trial court's decision if any theory of law applicable to the case has support in the evidence." *Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The only theory of dismissal arguably supported by the record before us is section 13.001 of the Texas Civil Practice and Remedies Code. Section 13.001 allows a court to dismiss frivolous or malicious actions in which the plaintiff has filed an affidavit of indigency. *See* Tex. Civ. Prac. & Rem. Code § 13.001(a) (West 2002). As we now interpret the statute, "frivolous or malicious" means lacking any arguable basis in law or fact. *See Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 628 (Tex. App.—Austin 2002, no pet.).

We review dismissals under section 13.001 for abuse of discretion. *Id*. A court abuses its discretion under section 13.001 if it dismisses a case that arguably has a basis in law or fact. *Id*. A case has no basis in law if it relies on an "'indisputably meritless legal theory.'" *Thomas v. Holder*, 836 S.W.2d 351, 352 (Tex. App.—Tyler 1992, no writ) (quoting *Thompson v. Ereckson*, 814 S.W.2d 805, 807 (Tex. App.—Waco 1991, no writ)). A case has no basis in fact if it arises "out of fantastic or delusional scenarios." *Id*.

3

A court cannot dismiss a case under section 13.001 for lacking a basis in fact unless the court first holds an evidentiary hearing. *Morris v. Collins*, 916 S.W.2d 527, 528 (Tex. App.—Houston [1st Dist.] 1995, no writ). Where the record does not reveal that such a hearing was held, we can affirm a section 13.001 dismissal only if the plaintiff's case had no basis in law. *See id.* Here, a hearing was held at which Jimenez orally moved to dismiss Barnes's petition, but nothing in the record indicates that the hearing was evidentiary in nature. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (absent indications in record that hearing was evidentiary in nature, we presume it was not). The record does not contain a transcript of the hearing, Jimenez has filed nothing to illuminate what transpired at the hearing, and the subsequent dismissal order says nothing about the nature of the hearing. On the other hand, Barnes alleges that she was prevented from presenting evidence at the hearing, and with nothing in the record to oppose that allegation, we must accept it as true. *See Perales v. Kinney*, 891 S.W.2d 731, 732 (Tex. App.—Houston [1st Dist.] 1994, no writ) (where pro se petition is only item before court, court must construe petition in light most favorable to petitioner); *see also* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated [in a brief] unless another party contradicts them."). Thus, we must conclude that the September 5, 2006 hearing was not a proper evidentiary hearing, which means that we can only affirm dismissal if Barnes's petition had no basis in law.[1]

---

[1] We note that even if the hearing was evidentiary, we would still need a fuller record to affirm dismissal. *See Perales v. Kinney*, 891 S.W.2d 731, 732 (Tex. App.—Houston [1st Dist.] 1994, no writ) (where pro se petition is only item before court, court must construe petition in light most favorable to petitioner).

Barnes espoused many legal theories in her petition. On the record before us, it appears that at a minimum her theory of conversion was potentially meritorious. *See Ojeda v. Wal-Mart Stores Inc.*, 956 S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied) (plaintiff has cause of action for conversion if defendant unlawfully assumed control over plaintiff's property and refused to return it on demand). As a result, Barnes's petition arguably had a basis in law. In implicitly holding otherwise and dismissing Barnes's petition, the county court failed to follow guiding principles and, therefore, abused its discretion. *See Jones*, 78 S.W.3d at 628 (abuse of discretion to dismiss under section 13.001 if case arguably has basis in law).

## CONCLUSION

Because the record does not demonstrate that Barnes's petition lacked any legal or factual basis, we hold that the trial court abused its discretion in dismissing Barnes's petition. We reverse and remand for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Reversed and Remanded

Filed: August 13, 2009

5