NO. 07-10-0223-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 25, 2011

_____

IN THE INTEREST OF N.W., A CHILD

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-548,188; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Samuel Neither, proceeding *pro se* and *in forma pauperis*, brings this appeal challenging two separate orders of the trial court: (1) the *Order Rescinding Temporary Possession Order,* and (2) the *Order of Dismissal,* which dismissed, with prejudice, the Suit Affecting Parent-Child Relationship (SAPCR) filed by Appellant, wherein he sought sole managing conservatorship of N.W., a minor child.  We reform and affirm.

## Background[1]

N.W., the child the subject of this proceeding, is a female child born in December of 2001. Appellee, Krystie Wilson, N.W.'s biological mother and Appellant's former girlfriend, lives in Dallas County, Texas. Appellee, David Washington, N.W.'s biological father, lives in Lubbock County, Texas.[2] In 2005, Appellant and Wilson were romantically involved for a brief period of time. They were never married and their relationship ended badly. In competing stories, Appellant claims that Wilson left N.W. in his care and exhibited conduct unbecoming of a mother. Wilson, on the other hand, asserts that Appellant stalked her and eventually took N.W. from an elementary school in Richardson, Texas, without her consent.

In 2008, Appellant filed a SAPCR in Dallas County. That proceeding was dismissed for want of prosecution on June 16, 2009. On July 2, 2009, Appellant filed a second SAPCR in Lubbock County, contending that he was N.W.'s stepfather and that she resided with him in Dallas, Texas. At that time, Appellant alleged he was unaware of Wilson's whereabouts and thereby sought service of process by publication. Service of citation was completed on October 1, 2009, by publication in *The Daily Commercial Record,* a "daily newspaper" published in Dallas County, Texas. Although Washington

---

[1]Due to the procedural posture of this case, the limited facts presented here were gleaned from the pleadings of the parties and the Clerk's Record.

[2]Although not named as a Respondent in Appellant's original petition, Washington was served by publication and named as a Respondent in the *Temporary Order in Suit Affecting the Parent-Child Relationship* entered by the trial court on April 12, 2010.

was not named as a Respondent in Appellant's petition, service of citation was sought and completed on September 11, 2009, by publication in *The Idalou Beacon,* a "newspaper of general circulation" published in Lubbock County, Texas. After neither Wilson nor Washington appeared, on April 12, 2010, Appellant sought and obtained a temporary order granting him custody of N.W. On April 13, 2010, based on that temporary order, school officials in Richardson, Texas, permitted Appellant to remove N.W. from the elementary school where she had been enrolled by Wilson. When Wilson disputed the school's authority to release N.W. to an unauthorized person and reported the incident as a kidnapping, police and school officials contacted the trial court to determine the authenticity of the temporary order. Realizing that Appellant had obtained temporary custody of N.W. by making false allegations in his petition regarding the whereabouts of both Wilson and Washington, as well as Appellant's relationship to the child and the child's residence, on April 15, 2010, the trial court *sua sponte* rescinded its temporary order. Thereafter, on April 20, 2010, without holding a hearing, the trial court ended the litigation by entering an *Order of Dismissal*, with prejudice. Appellant now challenges the rescission of the temporary order and the dismissal of his suit.

## Analysis

When Appellant filed suit in Lubbock County, he also filed an *Affidavit of Inability to Pay Costs.* This document implicates chapter 13 of the Texas Civil Practice and

3

Remedies Code which permits dismissal of a case if the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West 2002).[3] An action may be frivolous or malicious if the action's realistic chance of ultimate success is slight, the claim has no arguable basis in law or fact, or the party cannot prove a set of facts in support of the claim. *Id.* at § 13.001(b).

A dismissal under § 13.001(a)(2) is reviewed for abuse of discretion. *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 628 (Tex.App.--Austin 2002, no pet.). Additionally, in matters involving custody, control, or possession of minor children, we give wide latitude to a trial court's decision. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). In such circumstances, a trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Here, the trial court's dismissal order recites that Appellant made allegations in his petition that were false. According to that order, the trial court found Appellant knew or should have known both Wilson's and Washington's current addresses. Furthermore, it appears Appellant misrepresented his relationship to the child and the child's residence. Accordingly, we note Appellant faced a substantial obstacle in establishing his standing to bring a suit for custody of N.W. *See* Tex. Fam. Code Ann. § 102.003(a) (West 2008).

---

[3]For convenience, future references to sections of the Texas Civil Practices and Remedies Code will subsequently be cited as "§ ___."

Furthermore, this case involves a nonparent, Appellant, seeking custody over a parent, Wilson. Appellant acknowledges in his brief the presumption that a parent be appointed sole managing conservator unless doing so would significantly impair the child's physical or emotional development. *See* Tex. Fam. Code Ann. § 153.131 (West 2008). The presumption that the best interest of a child is served by appointing a natural parent over a nonparent as managing conservator is deeply embedded in Texas law. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990). "Close calls" in which a nonparent and parent are seeking conservatorship "go to the parent." *In re B.B.M.*, 291 S.W.3d 463, 469 (Tex.App.--Dallas 2009, pet. denied). Despite Appellant's allegations of Wilson's unfit conduct as a mother, the record reflects that the Texas Department of Protective and Regulatory Services investigated Wilson and found that the Department's services were unnecessary.

Given Appellant's false allegations and misrepresentations to the trial court, together with his slight chance of success as a nonparent in a custody dispute against a parent, we conclude the trial court did not abuse its discretion in finding Appellant's claim to be frivolous or malicious. Accordingly, the trial court did not err in dismissing Appellant's action pursuant to § 13.001(a)(2). Appellant's contentions are overruled.

**Conclusion**

We, therefore, affirm the trial court's order rescinding its previous temporary order. Because a dismissal pursuant to § 13.001(a) is without prejudice, *Mullins v. Estelle High Security Unit,* 111 S.W.3d 268, 273-74 (Tex.App.--Texarkana 2003, no pet.), we reform the order of dismissal so as to delete the reference to dismissal "with prejudice" and affirm that order as reformed.


Patrick A. Pirtle
Justice