NO. 07-10-0223-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

FEBRUARY 25, 2011

 

______________________________

 

 

IN THE INTEREST OF N.W., A CHILD

 

_______________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-548,188; HONORABLE JIM BOB DARNELL, JUDGE

 

_______________________________

 

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Samuel Neither, proceeding pro se and
in forma pauperis, brings this appeal
challenging two separate orders of the trial court: (1) the Order Rescinding Temporary Possession Order,
and (2) the Order of Dismissal, which
dismissed, with prejudice, the Suit Affecting Parent-Child Relationship (SAPCR)
filed by Appellant, wherein he sought sole managing conservatorship of N.W., a
minor child.  We reform and affirm.

Background[1]

            N.W., the
child the subject of this proceeding, is a female child born in December of
2001. Appellee, Krystie Wilson, N.W.'s biological
mother and Appellant's former girlfriend, lives in Dallas County, Texas.  Appellee, David Washington, N.W.'s biological
father, lives in Lubbock County, Texas.[2]  In 2005, Appellant and Wilson were
romantically involved for a brief period of time.  They were never married and their
relationship ended badly.  In competing
stories, Appellant claims that Wilson left N.W. in his care and exhibited
conduct unbecoming of a mother.  Wilson,
on the other hand, asserts that Appellant stalked her and eventually took N.W.
from an elementary school in Richardson, Texas, without her consent.

            In
2008, Appellant filed a SAPCR in Dallas County. 
That proceeding was dismissed for want of prosecution on June 16,
2009.  On July 2, 2009, Appellant filed a
second SAPCR in Lubbock County, contending that he was N.W.'s stepfather and
that she resided with him in Dallas, Texas. 
At that time, Appellant alleged he was unaware of Wilson's whereabouts
and thereby sought service of process by publication.  Service of citation was completed on October
1, 2009, by publication in The Daily
Commercial Record, a "daily newspaper" published in Dallas
County, Texas.  Although Washington was
not named as a Respondent in Appellant's petition, service of citation was sought
and completed on September 11, 2009, by publication in The Idalou Beacon, a "newspaper of general circulation"
published in Lubbock County, Texas. 
After neither Wilson nor Washington appeared, on April 12, 2010,
Appellant sought and obtained a temporary order granting him custody of N.W.  On April 13, 2010, based on that temporary order, school
officials in Richardson, Texas, permitted Appellant to remove N.W. from the
elementary school where she had been enrolled by Wilson.  When Wilson disputed the school's authority
to release N.W. to an unauthorized person and reported the incident as a
kidnapping, police and school officials contacted the trial court to determine
the authenticity of the temporary order. 
Realizing that Appellant had
obtained temporary custody of N.W. by making false allegations in his petition
regarding the whereabouts of both Wilson and Washington,
as well as Appellant's relationship to the child and the child's residence, on
April 15, 2010, the trial court sua
sponte rescinded its temporary order. 
Thereafter, on April 20, 2010, without holding a hearing, the trial
court ended the litigation by entering an Order
of Dismissal, with prejudice.  Appellant
now challenges the rescission of the temporary order and the dismissal of his
suit.

Analysis

 

            When Appellant filed suit in Lubbock
County, he also filed an Affidavit of
Inability to Pay Costs.  This
document implicates chapter 13 of the Texas Civil Practice and Remedies Code
which permits dismissal of a case if the action is frivolous or malicious.  Tex. Civ. Prac.
& Rem. Code Ann. § 13.001(a)(2) (West 2002).[3]  An action may be frivolous or malicious if
the action's realistic chance of ultimate success is slight, the claim has no
arguable basis in law or fact, or the party cannot prove a set of facts in
support of the claim.  Id.  at § 13.001(b).

            A
dismissal under § 13.001(a)(2)
is reviewed for abuse of discretion.  Jones v. CGU Ins. Co., 78
S.W.3d 626, 628 (Tex.App.--Austin 2002, no pet.).  Additionally, in matters involving custody,
control, or possession of minor children, we give wide latitude to a trial
court's decision.  See Gillespie v. Gillespie, 644 S.W.2d 449, 451
(Tex. 1982).  In such circumstances, a
trial court abuses its discretion when it acts arbitrarily or unreasonably,
without reference to any guiding rules or principles.  Worford v. Stamper,
801 S.W.2d  108,
109 (Tex. 1990).  

Here, the trial court's dismissal
order recites that Appellant made allegations in his petition that were
false.  According to that order, the
trial court found Appellant knew or should have known both Wilson's and
Washington's current addresses. 
Furthermore, it appears Appellant misrepresented his relationship to the
child and the child's residence.  Accordingly,
we note Appellant faced a substantial obstacle in establishing his standing to
bring a suit for custody of N.W.  See Tex. Fam. Code Ann. § 102.003(a)
(West 2008).    

Furthermore, this case involves a
nonparent, Appellant, seeking custody over a parent, Wilson.  Appellant acknowledges in his brief the
presumption that a parent be appointed sole managing conservator unless doing
so would significantly impair the child's physical or emotional
development.  See Tex. Fam. Code Ann. § 153.131 (West 2008).  The presumption that the best interest of a
child is served by appointing a natural parent over a nonparent as managing
conservator is deeply embedded in Texas law. 
Lewelling v. Lewelling,
796 S.W.2d 164, 166 (Tex. 1990). 
"Close calls" in which a nonparent and parent are seeking
conservatorship "go to the parent." 
In re B.B.M.,
291 S.W.3d 463, 469 (Tex.App.--Dallas 2009, pet. denied).  Despite Appellant's allegations of Wilson's
unfit conduct as a mother, the record reflects that the Texas Department of
Protective and Regulatory Services investigated Wilson and found that the
Department's services were unnecessary.  

Given Appellant's false allegations
and misrepresentations to the trial court, together with his slight chance of
success as a nonparent in a custody dispute against a parent, we conclude the
trial court did not abuse its discretion in finding Appellant's claim to be
frivolous or malicious.  Accordingly, the
trial court did not err in dismissing Appellant's action pursuant to § 13.001(a)(2).  Appellant's contentions are overruled.

 




 

Conclusion

We, therefore, affirm the trial
court's order rescinding its previous temporary order.  Because a dismissal pursuant to § 13.001(a) is without prejudice, Mullins v. Estelle High Security Unit,
111 S.W.3d 268, 273-74 (Tex.App.--Texarkana 2003, no pet.), we reform the order
of dismissal so as to delete the reference to dismissal "with
prejudice" and affirm that order as reformed.   

 

 

                                                                                      Patrick A. Pirtle

                                                                                            Justice

 











[1]Due
to the procedural posture of this case, the limited facts presented here were
gleaned from the pleadings of the parties and the Clerk's Record.

 





[2]Although
not named as a Respondent in Appellant's original petition, Washington was
served by publication and named as a Respondent in the Temporary Order in Suit Affecting the Parent-Child Relationship
entered by the trial court on April 12, 2010.  






[3]For
convenience, future references to sections of the Texas Civil Practices and
Remedies Code will subsequently be cited as A§ ___.@