FILED
United States Court of Appeals
Tenth Circuit

October 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROSEMARY HALL,

      Plaintiff - Appellant,

v.

STATE FARM INSURANCE; JOHN
DOE,

      Defendants - Appellees.

No. 18-3112
(D.C. No. 2:17-CV-02491-CM-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

On August 18, 2015, Rosemary Hall (Plaintiff) was struck by a vehicle as she rode

her bicycle in Wylie, Texas.  The driver of the vehicle was insured by State Farm Mutual

Automobile Insurance Company, and Plaintiff submitted an insurance claim to State

Farm for the injuries she suffered in the accident.  But when State Farm requested an

authorization to access Plaintiff's medical records to process her claim, Plaintiff refused.

State Farm never resolved the claim.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

On August 25, 2017, Plaintiff, acting *pro se*, filed a complaint in the United States District Court for the District of Kansas against State Farm and the driver of the vehicle, also naming Michael Tipsord (the chief executive officer of State Farm) and W.H. Knight (a member of the State Farm Board of Directors) as agents for service of process. The complaint appears to seek compensation for pain and suffering, past and future medical costs, and violations of Plaintiff's privacy rights, including those under the Health Insurance Portability and Accountability Act (HIPAA).

Plaintiff requested appointed counsel. A magistrate judge examined the relevant factors and denied the motion, reasoning that Plaintiff did not clearly have a colorable claim, the legal issues were not complex, and Plaintiff appeared capable of adequately presenting facts and arguments. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (listing factors relevant to whether to appoint counsel).

Several months later, the district court granted Defendants' motions to quash service and dismiss the case. The court held that it lacked personal jurisdiction over the defendants. There was not specific jurisdiction because Plaintiff did not allege that either the Texas accident or the issuance of the insurance policy in Texas arose out of any activities of a defendant in or directed at Kansas, and there was not general jurisdiction because Plaintiff had not alleged that any defendant was domiciled in, or had continuous and systematic contacts with, Kansas. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090–91 (10th Cir. 1998) (describing requirements for personal jurisdiction). The court also noted that the case would not survive on the merits if there were personal jurisdiction. First, Texas and Kansas both have two-year statutes of

2

limitations for tort claims.  *See* Tex. Civ. Prac. & Rem. Code. Ann. § 16.003(a) (West 2017); Kan. Stat. Ann. § 60-513(a) (West 2018).  Second, Texas is not a direct-action state, so Plaintiff cannot bring a tort action against State Farm before obtaining a judgment from the tortfeasor insured by State Farm.  *See Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. Ct. App. 2002).  Third, Plaintiff could not make claims based on the HIPAA, because she did not allege that State Farm used or disclosed her medical records, and liability insurers are not even among the entities regulated by the HIPAA. *See* 45 C.F.R. § 164.104.

On appeal Plaintiff does not challenge the district court's substantive rulings but sets forth several grounds for reversal:  (1) the decision below was based on a false declaration submitted by State Farm; (2) opposing counsel violated Kansas's rules of professional conduct by submitting false documents; (3) Mr. Knight committed the crime of perjury by submitting a false declaration; (4) Plaintiff was entitled to appointed counsel; and (5) service was proper.

Plaintiff's assertions about false documents appear to stem from a declaration by Mr. Knight that he had no knowledge of Plaintiff or Plaintiff's insurance claim.  But Plaintiff does not explain the basis of her assertions.  She simply points out that Mr. Knight is a member of the State Farm Board of Directors and that a summons was sent to him at State Farm headquarters.  Plaintiff's unsupported assertions of falsehood do not provide grounds for reversal.

As for Plaintiff's argument that she was entitled to counsel, we review the denial of appointed counsel in civil cases for an abuse of discretion.  *See Boergermann*, 57 F.3d

at 979. The magistrate judge, as noted above, considered the appropriate factors and did not abuse his discretion. *See id.* (listing factors relevant to whether to appoint counsel).

Finally, Plaintiff's argument about service of process misses the point. Plaintiff appears to argue either that service was proper or that the district court should have ordered State Farm to provide Plaintiff with the driver's contact information and allowed her to make a second attempt at service. But the district court did not assess whether service was proper; instead, it held that the court lacked personal jurisdiction regardless of service, so a second attempt at service would be a useless exercise.

We **AFFIRM** the district court's dismissal of this action without prejudice for lack of personal jurisdiction over the defendants. We **DENY** all other requests for relief by Plaintiff and **DENY** Defendants' pending motions as moot.

Entered for the Court

Harris L Hartz
Circuit Judge

4