CLARA CLEARY, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 14815

Opinion filed September 1, 1978.—Rehearing denied September 26, 1978.

Costigan & Wollrab, of Bloomington, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson and Birch E. Morgan, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from the trial court's dismissal of the plaintiff's complaint for failure to state a cause of action. The pleadings alleged that the plaintiff, Clara Cleary, first acquired automobile insurance coverage from Country Mutual Insurance Company in 1963, with limits of $30,000 for each person injured. The same coverage was in effect through 1973. The plaintiff also had homeowner's coverage with the defendant which she claims put the defendant on notice that she owned residential and farm property.

On December 1, 1973, the plaintiff was involved in an automobile accident with Raymond Gillmore who suffered serious injuries. Gillmore sued the plaintiff and the claim was settled. The defendant paid $30,000, the limits of its coverage, and the plaintiff paid an additional $31,500. Subsequently, the plaintiff requested from the defendant an increase in personal injury coverage to $100,000, which the defendant supplied.

The complaint set forth two theories of recovery. The plaintiff alleged that the defendant was negligent in breaching its duty to counsel her as to the inadequacy of her insurance coverage. Alternatively, she contended that through its contractual obligations the defendant impliedly warranted that it would advise the plaintiff as to the adequacy of her

coverage. The plaintiff asserts that the defendant has breached this implied warranty.

■■ Under either theory, the basic question presented is whether the law imposes upon an insurer the continuous duty to advise and counsel its insured as to the need or advisability of increased insurance coverage. It is our conclusion that such a duty is not implied by either contract or tort law.

We recognize that an insurance company bears the duty to exercise good faith and reasonable skill, care, and diligence in writing and issuing policies for its insured. (*Roberson v. Knupp Insurance Agency* (1970), 125 Ill. App. 2d 373, 260 N.E.2d 849.) This principle of law was explained extensively in *Evan L. Reed Manufacturing Co. v. Wurts* (1914), 187 Ill. App. 378, 385-86:

> "If an agent neglects to procure insurance or does not follow instructions when obligated so to do, or if the policy obtained is void or materially defective through the agent's fault, or if the principal suffers damage by reason of any mistake or act of omission or commission of the agent which constitutes a breach of duty to his principal, he is liable to his principal for any loss he may have sustained thereby."

■■ In contrast, the courts have held that the individual insured bears the burden of knowing the contents of insurance policies and has an affirmative duty of bringing any discrepancies in the policy to the attention of the insurer. *Spence v. Washington National Insurance Co.* (1943), 320 Ill. App. 149, 50 N.E.2d 128; *Foster v. Crum & Forster Insurance Cos.* (1976), 36 Ill. App. 3d 595, 345 N.E.2d 49.

The law has not imposed on an insurer the duty of reviewing the adequacy of an insured's coverage each time a policy is due for renewal. Indeed, when the premiums become due the insured has the option of accepting, rejecting, or requesting a modification of the terms of the policy. It is the insured, not the insurance company, who best knows his need for insurance and the premium he can afford.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.