## Reusch v. Allstate Insurance Co.

*William F. Caruthers*, for plaintiff.

*Kenneth S. Morz*, for defendant Allstate Insurance Company.

*John A. Robb, Jr.*, for defendant Downs.

MIHALICH, *J.*, March 4, 1985 — This matter comes before the court en banc on defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment.

Defendant Levi S. Downs, sold to plaintiff, Randy W. Reusch, a policy of motor vehicle insurance with defendant Allstate Insurance Company. Plaintiff, Randy W. Reusch, is an insured under the terms of the policy.

Plaintiff, Randy W. Reusch, was involved in a motor vehicle accident on October 7, 1979. Plaintiffs in their complaint in assumpsit claim of defendants additional unpaid-for, insurance coverage in the nature of:

(1) Uninsured Motorist Coverage over and above the acknowledged $15,000 limits of the policy; and

(2) No-fault wage loss benefits over and above the $15,000 provided in the policy.

Plaintiffs contend defendants were obligated to offer the additional unpaid-for insurance coverage. Defendants, on the other hand, contend that there is no common law or statutory duty under the circumstances of the instant proceeding which obligates defendants to offer additional insurance cov-

erage. Defendants have filed their motions for judgment on the pleadings or, in the alternative, for summary judgment seeking a dismissal of plaintiffs' cause of action.

Plaintiffs' alleged right to recovery from defendants raises two issues for consideration by this court. First, whether defendants breached a common law duty to advise, inform or recommend optional coverage to an insured. Second, whether defendants breached a statutory duty allegedly imposed by section 207 of the Pennsylvania No-fault Motor Vehicle Insurance Act to offer added loss benefits.

The case law on the issue of an insurance agent's common law duty was recently analyzed and summarized at length in the recent opinion of Judge Charles H. Loughran in Cramer v. American States Insurance, 4166 of 1983 (Westmoreland Co. 1984). The court therein recognized and adhered to the general rule of law that no common law duty exists unless (1) the insurance counselor received consideration for his services apart from the premium paid for the insurance policy or, (2) by reason of the insurance counselor's course of dealing with regard to the client's matters. The court stated as follows:

"[in certain special circumstances there may be] a duty on the part of an insurance agent to inform its customer of the availability of insurance and to make recommendations concerning the insurance, those courts that have recognized these special circumstances require either a specific statutory basis, . . . or more than a mere business relationship between the insurance company's agent and the customer for this duty to arise. . . . The Courts which have recognized the possible creation of this duty have limited it to situations where (1) an insurance counselor receives consideration for his ser-

vices apart from the premium which is paid by the customer for the insurance policy itself, or (2) where the insurance agent acts as an insurance counselor through an extensive and complex course of dealing with regard to the client's business matters."

Prevailing case law clearly establishes that no general duty to advise, inform or recommmend optional coverage to an insured exists in the absence of special contractual duties, or of a special relationship or request. As stated by Appleman:

"Ordinarily, of course, an insurance agent assumes only those.duties normally found in an agency relationship, including the obligation to deal with his principal in good faith and to carry out instructions, and *he asssumes no duty to advise the insured merely by such relationship."* 16 Appleman, Insurance Law and Practice, §8836 (1981). (Emphasis added.) The reported cases on this issue start with the general proposition that an agent or an insurance company has no duty to inform the customer about the availability of an insurance coverage, or to advise or make recommendations to the customer about the adequacy of insurance coverage. . . . (Citations omitted.) Each of the cited cases states the general rule that no duty exists between an insurance company or its agent with the customer from the outset of the relationship. The customer has no reason to believe that an insurance company or its agent will advise him as to the adequacy of coverage purchased by the customer as a matter of law. Moreover, the insurance company does not stand in a fiduciary relationship with the customer. . . .

"An agent has no duty to procure insurance without explicit and specific instructions from the in-

sured. Luther v. Coal Operator's Casualty Insurance Co., 379, Pa. 113, 108 A.2d 691.

"The refusal of the Pennsylvania Supreme Court in Luther to imply a duty to inform or advise comports with the Court's holding in Cleary v. County Mutual Insurance Co., 380 N.E.2d 525 (Ill. App. 1978) that the insurer has no duty, implied by either contract or tort, to review the adequacy of an insured's coverage."

The pleadings and depositions do not reflect any special consideration or special circumstances required under the law to impose a common law duty upon defendants. Defendants also do not appear to have acted contrary to any alleged statutory duty.

The Uninsured Motorists Statute, 40 P.S. §2000 does not require an insured to sell uninsured motorist insurance over $15,000. Allstate has elected not to sell an insured motorist coverage in excess of the statutory minimum of $15,000. This has been admitted by plaintiff insofar as plaintiff has failed to dispute Paragraph 19 of the defendant's new matter. Further, the Uninsured Motorist Statute does not require defendants obtain an "informed consent" of an insured for waiver of uninsured motorist benefits in excess of the statutory minimum of $15,000.

A review of section 207 of the Pennsylvania No-fault Motor Vehicle Act does not reveal any legislative intent requiring inclusion of added loss benefits in the absence of an insured's affirmative written rejection of added loss benefits.

Section 207 provides, in pertinent part, as follows:
"Mandatory offering. — Obligors . . . shall offer or obligate themselves to provide added loss benefits for injury or damage arising out of the ownership, maintenance, or use of a motor vehicle . . . "

Section 207 does not provide any affirmative duty on the part of an insurance company to advise, counsel or otherwise aid the insured in making an informed decision as to whether or not to purchase the added loss of benefits over the required statutory minimum of $15,000. Whenever the legislature has required informed decisions of consumers, it has expressly set forth such requirements. (e.g., Uninsured Motorist Statute, 40 P.S. §200 (a) (2); new No-fault Act, §1791).

For the above-mentioned reasons, the court enters the following

## ORDER

And now, March 4, 1985, it is hereby ordered, adjudged and decreed that the motions for summary judgment of defendants, Allstate Insurance Company and Levi S. Downs, are herein granted. Plaintiffs' complaint in assumpsit, is dismissed.