CAROL J. WOOD, Plaintiff-Appellant, v. WABASH COUNTY, d/b/a Wabash County Health Department, Defendant-Appellee.

Fifth District   No. 5—99—0200

Opinion filed December 16, 1999.

John A. Clark, of Croegaert, Clark & Hough, Ltd., of Olney, for appellant.

William P. Hardy and John E. Nolan, both of Hinshaw & Culbertson, of Springfield, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Plaintiff, Carol J. Wood, appeals the trial court's dismissal with prejudice of her complaint for breach of an implied employment contract against defendant, Wabash County Health Department, for failure to state a cause of action. The basis of plaintiff's complaint is defendant's personnel policy handbook, which plaintiff alleges defendant violated by wrongfully terminating her employment. The only issue on appeal is whether the personnel policy handbook contained sufficiently clear promises such that plaintiff would reasonably have believed that an offer had been made and that an implied contract was formed. We reverse and remand for the reasons set forth below.

The essential facts are as follows: Plaintiff was employed by defendant from October 1994 until April 16, 1998. At the time of plaintiff's discharge, defendant's personnel policy handbook, which had been in effect since July 1996, contained a section entitled "Disciplinary Procedure." The disciplinary procedure section stated in pertinent part as follows:

"The following disciplinary actions have been adopted for dealing with violations of conduct and/or poor job performance. They are intended to be primarily progressive, corrective measures and have been designed to insure a smooth running organization in the best interest of employees, the department and its clients. The infractions and disciplinary actions listed are not all-inclusive. Repeated infractions or combined infractions or offenses may result in accelerated or compound disciplinary action as determined by the administrator. The department retains absolute discretion to skip action steps when it is deemed by the administrator to be in the best interest of the department.

Any of the steps listed below may be used as disciplinary measures or in conjunction with a plan of remediation. ***

Verbal Warning: ***

Written Warning: ***

Suspension: ***

Dismissal: The administrator may dismiss any employee for any reasonable cause. Prior to dismissal, the employee will be given written notification, stating the grounds for dismissal, and a hearing will be scheduled with the administrator. All dismissal notices shall be in writing, setting forth the reason(s) for dismissal and the effective date of termination. Each Board of Health member shall receive a copy of dismissal notices.

Actions which are causes for immediate termination of employment without warning could include, but are not limited to:
—Refusing to obey a reasonable order of supervisor (pertaining to work);
—Deliberate destruction or damage of department property or property of a fellow employee;
—Falsifying information on department records, employee timesheets, etc.;
—Theft of property of the health department or other employee;
—Willfully falsifying application for employment or other data requested by the department;
—Illegal conduct during working hours;
—Brandishing a weapon during working hours;
—Harassing (sexually or otherwise), threatening, intimidating, or assaulting another employee, client, or member of the public;
—Reporting to work under the influence of alcohol or illegal drugs;
—Conviction of a felony."

On April 16, 1998, plaintiff received a written notice from defendant that her employment was terminated as of 11:59 a.m. that day. The written notice did not give a reason for plaintiff's termination, and a hearing was not scheduled with the administrator. Plaintiff filed a complaint for breach of implied contract, stating that defendant failed to follow the terms and conditions of the employment contract as set forth in the personnel policy handbook. Defendant moved to dismiss plaintiff's complaint for failure to state a cause of action under section 2—615(a) of the Code of Civil Procedure (735 ILCS 5/2—615(a) (West 1998)). Defendant asserted that the language of the personnel policy is discretionary and insufficient to establish an implied contract and that without an employment contract, plaintiff's complaint fails to state a cause of action.

The trial court determined that the language of defendant's personnel policy was insufficient to amount to a clear promise such that plaintiff could reasonably believe that an offer had been made and that no implied-in-fact contract existed. The court found that plaintiff was an at-will employee with no contractual rights against defendant and no viable cause of action. The trial court granted defendant's motion to dismiss plaintiff's complaint, and plaintiff appeals.

■ ■ The review of a section 2—615 motion requires a court to determine whether a complaint sufficiently states a cause of action. See *Davis v. Temple*, 284 Ill. App. 3d 983 (1996). In reviewing such a motion, a court considers disputed questions of law *de novo*. See *Davis*, 284 Ill. App. 3d at 989. An implied-in-fact contract exists when a promissory expression may be inferred from the facts and circum-

stances and the expressions on the part of the promisor. See *Lampe v. Swan Corp.*, 212 Ill. App. 3d 414 (1991). Whether an implied-in-fact contract exists is a threshold question of law. See *Lampe*, 212 Ill. App. 3d at 415.

■ Generally, an employment relationship with no fixed duration is terminable at will by either party. See *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482 (1987). The presumption that an employee is "at will" can be overcome if it is demonstrated that the parties contracted otherwise. See *Duldulao*, 115 Ill. 2d at 489. An employee handbook or other policy statement can create enforceable contractual rights if the traditional requirements for contract formation are met, *i.e.*, the language of the policy contains a promise clear enough that an employee reasonably believes that an offer has been made, the policy statement has been disseminated to the employee so that the employee is aware of the promise and believes it to be an offer, and the employee accepts the offer by commencing or continuing to work after learning of the policy statement. See *Duldulao*, 115 Ill. 2d at 490.

The only issue raised by this appeal is whether the language of defendant's personnel policy handbook contained a sufficiently clear promise under the disciplinary procedure that plaintiff could reasonably believe that an offer was made. Plaintiff contends that the language of the disciplinary procedure in the personnel policy handbook was sufficiently clear to lead plaintiff to reasonably believe that she would be discharged only for reasonable cause, that a written notice of dismissal would state the reason for her dismissal, and that a hearing would be scheduled with the administrator. Defendant contends that the phrases "[t]he department retains absolute discretion to skip action steps" and "immediate termination of employment without warning" grant defendant discretion to discharge plaintiff at any time without reason and that defendant need not follow any given procedure when dismissing an employee. Defendant also asserts that the phrase "[t]he administrator may dismiss" is discretionary, rather than mandatory, and that plaintiff could not have reasonably believed that the disciplinary procedure promised that she would be discharged only for reasonable cause.

■ We find that the language of the disciplinary procedure is a sufficiently clear promise that plaintiff could reasonably believe amounted to an offer and that the personnel policy handbook created an implied-in-fact contract, giving rise to contractual rights for plaintiff. The initial paragraph of the disciplinary procedure states that the disciplinary actions "have been adopted" by defendant, and this language implies that the steps set forth in the disciplinary procedure will be

employed. The language that the "department retains absolute discretion to skip action steps" allows defendant to skip the progressive steps; however, the language contained in the steps states that defendant "shall" do certain actions if that step is employed, *i.e.,* mandates that defendant follow the procedure enumerated in that step. The language that an employee will be discharged for "any *reasonable* cause" is sufficiently clear to lead an employee to believe that a reasonable cause must exist before an employee will be discharged, and that belief is reinforced by the fact that written notices of discharge are to state the grounds for discharge.

Defendant argues that the paragraph which allows immediate termination without warning gives defendant the right to terminate any employee at any time without following the dismissal procedure. This paragraph is a separate paragraph but it comes under the step entitled "Dismissal." The paragraph on immediate termination simply lists what egregious actions will result in the immediate termination of an employee. Because the paragraph on immediate termination is part of the dismissal step, the language that all dismissals will receive a written notification containing reasons for the dismissal and that a hearing shall be scheduled still applies. The only apparent difference between an immediate termination and a dismissal is that an immediate termination does not require prior notice of the termination, while an employee dismissed for less egregious actions will receive notice prior to the dismissal.

Defendant could have included a disclaimer, if properly phrased, in the handbook to ameliorate the legal consequences of the handbook, but defendant included no disclaimer anywhere in the policy handbook.

The trial court, in its order, relied upon *Lampe* to support its decision. *Lampe,* 212 Ill. App. 3d 414. In *Lampe,* the employer did not provide disciplinary steps that it would follow but listed causes for dismissal which were not all-inclusive. The employer in *Lampe* did not use the term "reasonable causes" and also did not state that it would give reasons for discharge in a written notice. Unlike *Lampe,* defendant herein did set forth, in detail, the action steps it could take and, if taken, what actions would be taken under each step. Defendant also said that a dismissal would be for "reasonable cause," that all dismissals would follow the procedure wherein a written notice, listing reasons for the dismissal, would be issued, and that a hearing would be scheduled with the administrator. Defendant only reserved to itself the discretion not to use each step of the disciplinary procedure. Thus, the general language used in *Lampe* does not compare with the specific language used by defendant in this case. Therefore, *Lampe* is not dispositive.

We find that the language of defendant's disciplinary procedure in its personnel policy handbook sufficiently and clearly stated a promise that plaintiff could reasonably believe amounted to an offer and created contractual rights for plaintiff. Because an implied-in-fact contract was created by defendant's personnel policy manual, plaintiff's complaint stated a cause of action for breach of her implied employment contract. Therefore, the trial court's judgment granting defendant's motion to dismiss plaintiff's complaint is reversed, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.

Reversed and remanded.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.