(text box: 1)
 NO. 5-02-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

SONYA R. MOORE, as Guardian for )  Appeal from the

Eva R. Moore, and EVA D. MOORE, )  Circuit Court of

)  Saline County.

Plaintiffs-Appellants, )

)  No. 01-L-38

)

JOHNSON COUNTY FARM BUREAU, )

)

Defendant, )

and )

)

COUNTRY MUTUAL INSURANCE )  

COMPANY, )  Honorable  

)  Bruce D. Stewart,

Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, Sonya R. Moore, as the guardian for Eva R. Moore, and Eva D. Moore, filed a suit against the defendants, Johnson County Farm Bureau (Farm Bureau) and Country Mutual Insurance Company (Country Mutual), in the circuit court of Saline County.  The court entered an order dismissing all the counts of the amended complaint against Country Mutual with prejudice and expressly finding no just reason to delay an appeal, pursuant to Illinois Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  On appeal, the plaintiffs contend that the circuit court (1) improperly drew a distinction between a broker and a captive agent and (2) erred in dismissing all the counts of the amended complaint against Country Mutual for the failure to state a cause of action.  

FACTS

On July 21, 1999, the plaintiffs suffered injuries from an automobile accident involving a vehicle driven by Mark Harper.  Harper was driving a 1991 Tiltmaster tractor owned by his father, Harold Harper.  Harold Harper had entered into an insurance contract on the vehicle with Country Mutual. 

The plaintiffs filed a suit against the Harpers in the United States District Court for the Southern District of Illinois.  Sonya R. Moore, as Guardian of Eva R. Moore, and Eva D. Moore v. Harold Harper d/b/a Harper's Red Barn Fruit Market, a Proprietorship, and Brad Pavelonis, as Administrator of the Estate of Mark T. Harper, No. 99-4240-JLF.  Other persons not named in the suit were believed to have been injured in the accident, and therefore, Country Mutual filed an interpleader action and deposited with the clerk of that court its policy limits of $50,000 per person and $100,000 per occurrence.  Country Mutual Insurance Company v. Sonya R. Moore, Individually, and as Guardian for Eva R. Moore et al., No. 00-4001-JLF.  The district court found that the actual damages exceeded the deposit, and the court ordered a distribution of the funds.  

 On July 19, 2001, the plaintiffs filed a complaint against the defendants in the circuit court of Saline County.  The plaintiffs alleged that Harold Harper and Brad Pavelonis, as the administrator of the estate of Mark T. Harper, had assigned them their rights against the defendants.  The complaint contained 12 counts.  Counts I through VI were directed against the Farm Bureau.  Counts VII through XII were directed against Country Mutual.

In their complaint, the plaintiffs alleged that Mark Harper had been driving the Tiltmaster on behalf of Harper's Red Barn Fruit Market.  The Tiltmaster was allegedly used to transport produce between Saline County, Illinois, and St. Louis, Missouri.  This trip was more than 140 miles one way and involved travel on interstate highways.  The plaintiffs alleged that upon his purchase of the Tiltmaster, Harold Harper approached the Farm Bureau about providing coverage for the Tiltmaster.  Harold Harper "described the vehicle and the nature of its use" to the Farm Bureau and relied upon the Farm Bureau to get him "the proper type and amount of insurance coverage for the Tiltmaster and the type of business he was doing."  Each of the first six counts allegs that the Farm Bureau "failed to procure proper and adequate insurance coverage for a vehicle that carried cargo in interstate traffic in a commercial enterprise."  Each of the last six counts made this allegation regarding Country Mutual.     

The plaintiffs allege that an insurance policy was issued by the defendants.  The insurance policy described the Tiltmaster as a "FARM TRUCK NOT-FOR-HIRE OVER 1 TON, LIGHT, 0-50 MILE RADIUS HIGH."  The bodily injury coverage was $50,000 per person and $100,000 per occurrence.  The policy was reissued every six months.  The plaintiffs allege that their damages exceed these policy limits.        

The defendants each filed a motion to dismiss (735 ILCS 5/2-615 (West 2000)), which the court granted.  The court dismissed counts I through VI against the Farm Bureau without prejudice: "Plaintiffs have failed to allege that said Defendant was acting as the agent or broker of *** (Plaintiffs' assignor) ***."  The court dismissed counts VII through XII against Country Mutual with prejudice: "[S]aid [c]ounts fail[] to state a cause of action because Illinois does not recognize a claim by an insured against an insurance carrier for failure to provide adequate insurance coverage ***." 

The court granted leave to file an amended complaint.  The plaintiffs filed an amended complaint.  They also sought leave to refile their claims against Country Mutual (counts VII through XII) to avoid waiving their objections to the trial court's prior ruling.  That request was granted.  The plaintiffs amended counts I through VI to include an allegation that the Farm Bureau "was an agent and/or insurance broker for Harold Harper and/or Mark T. Harper."  Each defendant filed a motion to dismiss the amended complaint.  On June 6, 2002, the court entered an order finding that, for the same reasons stated in the order of February 4, 2002, counts VII through XII were dismissed with prejudice.  The court found no just reason for delaying an appeal.  The plaintiffs appeal. 

ANALYSIS 

The issue presented by a motion to dismiss is whether, when all well-pleaded facts are taken as true and are considered in the light most favorable to the plaintiff, the plaintiff has alleged sufficient facts that, if proved, would entitle the plaintiff to relief.  
Jackson v. Michael Reese Hospital & Medical Center
, 294 Ill. App. 3d 1, 9-10, 689 N.E.2d 205, 211 (1997).  A motion to dismiss on the pleadings should not be granted unless it clearly appears that no set of facts can be proved that will entitle the plaintiff to recover.  
First Bank of Roscoe v. Rinaldi
, 262 Ill. App. 3d 179, 182-83, 634 N.E.2d 1204, 1207 (1994).  Review is 
de novo
.  
Wood v. Wabash County
, 309 Ill. App. 3d 725, 727, 722 N.E.2d 1176, 1179 (1999). 

The plaintiffs argue that the trial court erred in finding that an insured cannot have a claim against an insurance carrier's captive agents for the failure to provide adequate insurance coverage.  They contend that agents should be held to the same standard as brokers and that there is no rational basis to hold agents to a lesser duty than that owed by brokers.  In support of this contention they cite 
Sobotor v. Prudential Property & Casualty Insurance Co.
, 491 A.2d 737, 739 (N.J. Super. A.D. 1984); M. Schlag, 
The Case for Expanded Insurance Producer Duties
, 16 N. Ill. U. L. Rev. 433 (1996); and D. Sakall, 
Can the Public Really Count on Insurance Agents to Advise Them?  A Critique of the "Special Circumstances" Test
, 42 Ariz. L. Rev. 991 (2000). 

Country Mutual counters that under Illinois law an agent has no duty to obtain "adequate" insurance, and it cites a number of cases which establish that an insurer has no obligation to provide coverage for the full amount of any possible damages.  See 
Nielsen v. United Services Automobile Ass'n
, 244 Ill. App. 3d 658, 662, 612 N.E.2d 526, 529 (1993) (a fire policy did not address the full amount of damages); 
Connelly v. Robert J. Riordan & Co.
, 246 Ill. App. 3d 898, 901, 617 N.E.2d 76, 78 (1993) (the homeowners were underinsured for the destruction of their house by a fire); 
Shults v. Griffin-Rahn Insurance Agency, Inc.
, 193 Ill. App. 3d 453, 457, 550 N.E.2d 232, 235 (1990) (holding that an agreement calling for a "reasonable amount" of coverage was unenforceable); 
Friederich v. Board of Education of Community Unit School District No. 304
, 59 Ill. App. 3d 79, 84, 375 N.E.2d 141, 146 (1978) (the school district failed to provide insurance for physical injuries suffered by a student athlete).  

Illinois law recognizes a distinction between brokers and captive agents.  Under Illinois law, a broker has a duty to procure adequate insurance.  
Economy Fire & Casualty Co. v. Bassett
, 170 Ill. App. 3d 765, 771, 525 N.E.2d 539, 543 (1988).  This duty arises because brokers are the agents of and owe allegiance to the insured.  
Economy Fire & Casualty Co.
, 170 Ill. App. 3d at 771, 525 N.E.2d at 543.  On the other hand, captive agents do not have the same fiduciary duty to provide an adequate type and amount of coverage.  
Economy Fire & Casualty Co.
, 170 Ill. App. 3d at 771, 525 N.E.2d at 543; 
Nielsen v. United Services Automobile Insurance Ass'n
, 244 Ill. App. 3d 658, 666, 612 N.E.2d 526, 531 (1993).  

Section 2-2201 of the Code of Civil Procedure (Code) (735 ILCS 5/2-2201 (West 2000)) limits any civil liability arising out of a fiduciary relationship between an insured and an insurance agent.  Section 2-2201(b) of the Code states as follows:

"(b) No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves *** wrongful retention or misappropriation ***."  735 ILCS 5/2-2201(b) (West 2000).

   Although an insurer has an implied duty of good faith and fair dealing with respect to an insured, that duty does not include the burden of reviewing the adequacy of an insured's policy when the policy is renewed.  
Nielsen
, 244 Ill. App. 3d at 663, 612 N.E.2d at 529; 
Connelly
, 246 Ill. App. 3d at 901, 617 N.E.2d at 78; 
Cleary v. Country Mutual Insurance Co.
, 63 Ill. App. 3d 637, 638, 380 N.E.2d 525, 526 (1978).  Illinois courts have discussed the policy reasons for not placing a duty on the insurer to provide an adequate amount of coverage.  See 
Shults
, 193 Ill. App. 3d at 457, 550 N.E.2d at 236; 
Nielsen
, 244 Ill. App. 3d at 667, 612 N.E.2d at 532.  One of the difficulties with requiring insurers to provide an adequate amount of coverage was discussed in 
Shults
.  In that case, an insurer allegedly agreed to provide a "reasonable amount" of coverage.  
Shults
, 193 Ill. App. 3d at 458, 550 N.E.2d at 236.  The court found that the agreement constituted an unenforceable contract because the term "reasonable amount" was an ambiguous phrase not subject to any definite or certain interpretation.  
Shults
, 193 Ill. App. 3d at 458, 550 N.E.2d at 236.  Furthermore, mandating that an adequate amount of insurance coverage be provided could prove detrimental to the insured.  The 
Nielsen
 court explained:

"We believe it is the insured, not the insurer, who best knows his insurance needs and the premium he can afford.  If full coverage was always required, a potential insured could be faced with a choice of having to purchase more insurance than he could afford or no insurance at all.  If an insured is to be faced with such a choice, it is up to the legislature to mandate that choice."  
Nielsen
, 244 Ill. App. 3d at 667, 612 N.E.2d at 532.  

Under Illinois law, Country Mutual owed no duty to the insured to determine what would constitute "adequate" insurance coverage and to provide coverage in that amount.  This is true whether or not the insured made such a request.  
Nielsen
, 244 Ill. App. 3d at 666, 612 N.E.2d at 531.  In this case, the circuit court properly dismissed counts VII through XII of the amended complaint because Country Mutual owed no duty to the plaintiffs under the pleadings and because it is apparent that no set of facts could be proved under the pleadings that would entitle the plaintiffs to relief. 

CONCLUSION

Accordingly, the judgment of the trial court dismissing all the counts against Country Mutual is affirmed.

Affirmed.  

KUEHN, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent.  Although an insurer does not have a duty to provide an adequate amount of insurance, an insurance producer still has a duty to exercise ordinary care in providing insurance that is requested by an insured.  Section 2-2201(a) of the Code of Civil Procedure provides:

"(a) An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured."  735 ILCS 5/2-2201(a) (West 2000).

The majority states that under Illinois law Country Mutual owed no duty to the insured to determine what would constitute "adequate" insurance and to provide coverage in that amount.  The cases relied upon by Country Mutual and cited by the majority hold that an insurance agent has no duty to an insured to procure adequate coverage.  A review of those cases reveals that the amount of coverage was at issue.  See 
Nielsen v. United Services Automobile Ass'n
, 244 Ill. App. 3d 658, 662, 612 N.E.2d 526, 529 (1993) (the fire policy was not for the " 'full, fair insurable value' " of the plaintiff's residence); 
Connelly v. Robert J. Riordan & Co.
, 246 Ill. App. 3d 898, 899, 617 N.E.2d 76, 78 (1993) (the insureds requested and received an amount of coverage comparable to their previous policy); 
Shults v. Griffin-Rahn Insurance Agency, Inc.
, 193 Ill. App. 3d 453, 457, 550 N.E.2d 232, 235 (1990) (holding that an agreement calling for a "reasonable amount" of coverage was unenforceable); 
cf.
  
Friederich v. Board of Education of Community Unit School District No. 304
, 59 Ill. App. 3d 79, 84, 375 N.E.2d 141, 146 (1978) (dealt with the duty of the school board, not the insurer).

   As the majority's review of 
Shults
 and 
Nielsen
 reveals, the policy reasons for not placing a duty on an insurance agent to determine an adequate amount of insurance are twofold.  The holding in 
Shults
 was due to the vagaries involved in predicting what constitutes a "reasonable amount" and an unwillingness to place a burden on an insurer in light of those vagaries.  
Shults
, 193 Ill. App. 3d at 457, 550 N.E.2d at 235.  
Neilsen
, on the other hand, reveals a reluctance to remove the choice of an amount of coverage from an insured by statutorily requiring full coverage.  
Neilsen
, 244 Ill. App. 3d at 667, 612 N.E.2d at 532. 

This does not preclude a claim that the insurer failed to provide "adequate" insurance by not providing insurance as requested by the insured.  Neither of these policy concerns arises if the question of "adequate" insurance is not a matter of the amount of coverage but, rather, a matter of whether the insurer provided the type of insurance as requested by the insured.  Requiring insurance to be provided as requested by an insured does not invite the vagaries of mandating an "adequate" amount, nor does it limit an insured's choice.  The policy reasons for not placing a duty on an insurance producer or an insurer to provide an "adequate" amount of insurance are not disturbed by placing a duty to provide the requested insurance.  See 
Lewis v. Royal Globe Insurance Co.
, 170 Ill. App. 3d 516, 521, 524 N.E.2d 1126, 1130 (1988) (discussing how an insurer may be liable for the action of its agent).

If the notion of adequacy refers to what the insured requested, in contrast to a vague concept of an "adequate" amount, the plaintiff states a cause of action.  An insurance agent or an insurer does not have a duty to provide an adequate amount to cover what an insured might need.  An insurance agent, however, does have a duty to provide insurance that represents what the insured requested. 

The plaintiffs' complaint can be read as stating a claim for the failure to provide requested insurance.  To determine whether a cause of action has been stated, the whole complaint must be considered, rather than taking a view of a disconnected part.  
Board of Education of City of Chicago v. A, C & S, Inc.
, 131 Ill. 2d 428, 438, 546 N.E.2d 580, 585 (1989).  The complaint describes the Tiltmaster and states that it was used to transport fruit and vegetable produce from St. Louis, Missouri, to Stonefort, Illinois, using Interstate 64–a trip in excess of 140 miles.  According to the complaint, Harold Harper described the Tiltmaster and "the nature of its use" to the agents of Country Mutual and "relied" on them "to get [him] the proper type and amount of insurance coverage for the Tiltmaster and the type of business he was doing."  The Tiltmaster was then involved in an accident on Interstate 64 while Mark Harper was driving it to St. Louis to get produce for the business. 

The breach was described as:

"a) failed to procure proper and adequate insurance coverage for a vehicle that carried cargo in interstate traffic in a commercial enterprise."

Counts IX and X, for negligence, described the duty as one to provide the requested insurance:

"[P]ursuant to the description of the Tiltmaster and its uses by Mr. Harold Harper and/or Mark T. Harper, and his request for proper and adequate coverage and his reliance upon Country Mutual Insurance Company's agents and/or employees to select and determine proper and adequate coverage and periodic reviews of the coverage and conversations with Mr. Harper about the nature of his business, [Country Mutual] voluntarily assumed a duty to act with due care, competence[,] and skill in the procurement of the insurance policy on the Tiltmaster."  

In counts XI and XII, for breach of contract, the complaint alleges that as a result of the interactions between Country Mutual and the Harpers, they entered into a contract "which required the Defendant to procure a policy of vehicular insurance on the Tiltmaster."  In the context of the facts alleged by the plaintiffs, the complaint is a claim that Country Mutual, through its agents, failed to provide 
requested
 insurance.  

The trial court dismissed the counts against Country Mutual on the ground that Illinois does not recognize a claim by an insured against an insurer for a failure to provide adequate insurance.  In the sense that the insurer has no duty to provide the best available insurance to meet an insured's need, the trial court was correct.  See 
Nielsen
, 244 Ill. App. 3d at 662, 612 N.E.2d at 529; 
Connelly
, 246 Ill. App. 3d at 899, 617 N.E.2d at 78; 
Shults
, 193 Ill. App. 3d at 457, 550 N.E.2d at 235.  The plaintiffs' complaint, however, can be read as alleging that the defendants were negligent and breached a contract by not providing the insurance requested by the insured.  This supports a viable cause of action.  Thus, the dismissal was premature. 

A complaint should be dismissed for the failure to state a claim only when it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief.  
Michael Nicholas, Inc. v. Royal Insurance Co. of America
, 321 Ill. App. 3d 909, 913, 748 N.E.2d 786, 789 (2001).  The cause should not be dismissed unless it clearly appears that no set of facts can be proved that would entitle the plaintiff to relief.  
Allen v. Berger
, 336 Ill. App. 3d 675, 677, 784 N.E.2d 367, 369 (2002).  Only one factually sufficient allegation supporting a cause of action is necessary for a count to withstand a motion to dismiss; any other allegations contained in the same count which do not support that cause of action are surplusage which may be stricken on motion, but they do not provide a basis for the dismissal of a pleading.  
Straub v. City of Mt. Olive
, 240 Ill. App. 3d 967, 978, 607 N.E.2d 672, 679 (1993); 
Johnson v. Town of the City of Evanston
, 39 Ill. App. 3d 419, 423, 350 N.E.2d 70, 73 (1976). 

Accordingly, I respectfully dissent.  

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 10/15/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.