Affirmed and Memorandum Opinion filed June 18, 2009








Affirmed and Memorandum Opinion filed June 18, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00603-CV

____________

 

MICHAEL KENNEDY, Appellant

 

V.

 

CHARLES STEEN AND DETECTIVE MUNNIZ,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, Appellees

 



 

On Appeal from the 3rd
District Court

Anderson County, Texas

Trial Court Cause No. 3-40-741

 



 

M E M O R A N D U M   O P I N I O N

Appellant Michael Kennedy raises two issues on appeal from
the trial court=s dismissal of his lawsuit under Chapter
14 of Texas Civil Practice and Remedies Code.  In his first issue, he contends
that the 3rd and 349th District Courts of Anderson County are parties to the
lawsuit and therefore the 3rd District Court cannot dismiss his case.  In his
second issue, he contends that the appellees cannot prevent Kennedy from
working and completing his contracts.  We affirm.








The record of this case is somewhat convoluted and contains
little factual background. In February 2008, Kennedy, an inmate confined in the
Anderson County Jail, filed a pro se in forma pauperis civil rights
lawsuit against appellees Charles Steen and Detective Munniz, alleging that
Kennedy=s arrest and
imprisonment were false and without probable cause and that appellees engaged
in discrimination and acts of official oppression, false arrest, retaliation,
harassment, misconduct, abuse, and slander against him.  

In April 2008, Kennedy appears to have filed a motion to
add several defendants, including the 3rd and 369th District Courts of Anderson
County, and appears to
contend that the named defendants conspired with others, including the district
attorney and assistant district attorney, to falsely indict and convict him of
an offense.  In another filing, he purports to name the 3rd, 349th, and 369th
District Courts of Anderson County as parties and makes similar claims against
them.  Citation was issued to appellees in April, and appellees answered and
asserted special exceptions and affirmative defenses.

On May 7, 2008, without conducting a hearing, the trial
court signed an order dismissing Kennedy=s suit without
prejudice on the grounds that his claim was Afrivolous or
malicious@ under Chapter 14 of the Texas Civil Practice and
Remedies Code.  This appeal followed.








In his first issue, Kennedy does not address any of the
possible bases for the trial court=s dismissal under
Chapter 14 as frivolous or malicious.  Instead, he contends that an unspecified
Adue process right@ prevents the
trial judge of the 3rd District Court from dismissing a case in which the 3rd
and 349th District Courts are parties.[1] 
Kennedy=s issue is
inadequately briefed because he makes only a cursory assertion, fails to cite
to the record, and cites no authorities to support his contention.  See
Tex. R. App. P. 38.1(h); Richard v. Dretke, No. 14-08-00714-CV, 2009 WL
909621, at *4 n.3 (Tex. App.CHouston [14th Dist.] Apr. 7, 2009, no pet.
h.); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Therefore, we overrule Kennedy=s first issue.

The trial court dismissed Kennedy=s lawsuit under
section 14.003 of the Texas Civil Practice and Remedies Code, which authorizes
a trial court to dismiss an inmate=s claim, either
before or after service of process, if the court finds that the claim is
frivolous or malicious.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2)
(Vernon 2002).  The dismissal provisions in Chapter 14 are intended to prevent
abusive or captious litigation where the in forma pauperis litigant A>lacks an economic
incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.=@  Thompson v.
Ereckson, 814 S.W.2d 805, 807 (Tex. App.CWaco 1991, no
writ) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  In
determining whether a claim is frivolous or malicious, the court may consider whether:
(1) the claim=s realistic chance of ultimate success is slight; (2)
the claim has no arguable basis in law or fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b).  We
review a trial court=s decision to dismiss a lawsuit brought by
an inmate under Chapter 14 for abuse of discretion.  Retzlaff v. Tex. Dep=t of Criminal
Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  








To enable the trial court to determine whether a claim
arises from the same operative facts as a previous claim, the legislature
enacted section 14.004.  Hickman v. Adams, 35 S.W.3d 120, 123B24 (Tex. App.CHouston [14th
Dist.] 2000, no pet.); see Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon
2002).  Section 14.004, entitled AAffidavit Relating
to Previous Filings,@ requires an inmate who files an affidavit
or unsworn declaration of inability to pay costs to file a separate affidavit
or declaration setting out the following information:

(1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented by
an attorney, without regard to whether the person was an inmate at the time the
suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was
sought;

(B) listing the case name, cause number, and the court in which the
suit was brought;

(C) identifying each party named in the suit; and

(D) stating the
result of the suit, including whether the suit was dismissed as frivolous or
malicious under Section 13.001 or Section 14.003 or otherwise.

Tex.
Civ. Prac. & Rem. Code Ann. '14.004(a).








Here, although Kennedy filed an affidavit relating to
lawsuits he filed previously, the affidavit fails to comply with section 14.004=s requirements. 
Kennedy=s affidavit
identified three previous lawsuits in which he alleged false arrest against
individuals other than Steen and Munniz.  None of the descriptions of the three
lawsuits state the operative facts for which Kennedy sought relief; instead,
they provide only the bare legal theory asserted.  Given the absence of
information concerning the factual bases for the claims, it is impossible to
determine whether the claims Kennedy alleges in this lawsuit are duplicative of
his earlier filings.  Because the trial court could not determine if Kennedy=s present suit was
substantially similar to the previous suits Kennedy filed, it was entitled to
assume that the present suit is substantially similar to those earlier filings
and, therefore, is frivolous or malicious.  See Richard v. Dretke,
2009 WL 909621, at *2; Harrison v. Kiper, No. 07-07-0322-CV, 2008 WL
4367892, at *3 (Tex. App.CAmarillo Sept. 25, 2008, pet. denied)
(mem. op.); Bell v. Tex. Dep=t of Criminal
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).

Moreover, the fact that Kennedy=s affidavit
indicated that his earlier filings were asserted against different defendants
is of no import, because the trial court could justifiably assume that Kennedy
may have filed separate lawsuits against different defendants arising from the
same operative facts.  See Harrison, 2008 WL 4367892, at *3. 
Therefore, the trial court was authorized to dismiss the lawsuit as one
substantially similar to a previous claim filed by the same inmate because the
claim arises from the same operative facts.  Id.; Tex. Civ. Prac. &
Rem. Code Ann. '14.003(b)(4).  Accordingly, the trial
court did not abuse its discretion in finding Kennedy=s claim to be
frivolous or malicious and in dismissing Kennedy=s lawsuit without
a hearing.  See Gowan v. Tex. Dep=t of Criminal
Justice, 99 S.W.3d 319, 323 (Tex. App.CTexarkana 2003, no
pet.); Richard, 2009 WL 909621, at *2; Harrison, 2008 WL 4367892,
at *3.  Because Kennedy=s second issue is directed to the
substance of his lawsuit, we do not reach it.[2]


We affirm the trial court=s judgment.

 

/s/      Jeffrey V. Brown

Justice

 

 

Panel
consists of Justices Frost, Brown, and Boyce.

 

 

 

 

 









[1]  In their response, appellees surmise that the 3rd
District Court and the Twelfth Court of Appeals construed Kennedy=s motion to add the courts as parties as a writ of
mandamus, which the Twelfth Court of Appeals denied.  Therefore, appellees
contend, the 3rd and 349th District Courts were never parties to this suit.  See
In re Kennedy, No. 12-08-00205-CV, 2008 WL 2122460 (Tex. App.CTyler May 21, 2008, orig. proceeding) (mem. op).  The
opinion, which appellees cite to in the record, reflects that the court of
appeals construed one of Kennedy=s
motions below as a request to require the district court to appoint a judge to
decide his civil rights lawsuit in which he named all of the Anderson County
district judges as parties.  The sole basis for the requested relief was that A[t]he lawsuit is against the 3rd and 349th District
Court of Anderson County Texas judges and the court cannot hear or decide any
pleading or make a decision when the lawsuit is against the district court.@  The court denied mandamus relief on procedural grounds. 
See id. at *1.  We cannot agree with appellees that the court of appeals= opinion effectively precluded the addition of the
courts or judges as parties.





[2]  In their prayer, appellees request that this court
award damages for a frivolous appeal pursuant to Texas Rule of Appellate Procedure
45.  But because appellees do not present any argument or authorities to
support this request, we deny it.